EDWARDS, Judge.
Christopher Lavergne was injured when the ceiling joist he was standing on broke while he was framing the roof of a house. The accident occurred during the course and scope of plaintiff’s employment with Thibodeaux Construction. He has received worker’s compensation benefits and medical payments from his employer’s insurer, General Accident Insurance Company of America. Thibodeaux Construction purchased the ceiling joist from Gillespie Lumber and Supply Co., Inc. The joist was manufactured by Weyerhaeuser Company.
Mr. Lavergne sued Gillespie in its capacity as vendor and Weyerhaeuser as the manufacturer of the wood. General Accident sued defendants to recover the compensation benefits and medical payments it paid to Mr. Lavergne. The two suits were consolidated. Gillespie filed a motion for summary judgment which was granted by the trial court. General Accident appeals, contending that there is a genuine issue as to material fact concerning Gillespie’s duty to inspect the ceiling joist in question.
The liability of a seller under Louisiana law is set out in LSA-C.C. arts. 2531 and 2545. Article 2531 states that a good faith seller who was unaware of the vices of the thing sold is only bound to repair it or to restore the purchase price and the expenses of the sale. Article 2545 provides that “[t]he seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.” A seller, as distinguished from a manufacturer, is not presumed to know the latent defects of the product he sells. See Spillers v. Montgomery Ward & Co., 294 So.2d 803, 807 (La.1974). Accordingly, Louisiana courts have consistently held that a non-manufacturer seller is not responsible for damages in tort absent a showing that “he knew or should have known that the product sold was defective, and failed to declare it.” Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040, 1043 (La.App. 1st Cir.), cert. denied, 434 So.2d 1106 (La.1983).
The record is devoid of evidence that Gillespie knew or should have known of the alleged defects in the lumber. Even Mr. Lavergne admitted that if the lumber had been cracked or split, it would not have been used by his employer. If any defects existed in the lumber, they must have been hidden or latent. A non-manufacturer seller is not required to make minute inspections or disassemble the product prior to the sale to look for latent defects or inherent vices. Harris, 428 So.2d at 1043. Accordingly, Gillespie cannt be held liable to plaintiff as a matter of law because it did not have the requisite knowledge.
LSA-C.C.P. art. 966 states that a motion for summary judgment should be granted when the pleadings, depositions, admissions on file, affidavits, and answers to interrogatories, “show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” After a thorough review and evaluation of the record, we are convinced that the trial court properly granted defendant’s motion for summary judgment. Costs to be borne by appellant.
AFFIRMED.